U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
2019 NOV 12 P 3: 38

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 2:18-cr-63-GZS |
| ) | |
| TMB AUTO, LLC ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and David B. Joyce, Assistant United States Attorney, and TMB Auto, LLC, (hereinafter "Defendant"), by and through its authorized representative, Timmy Bellmore, President, acting for itself and through its counsel, Leonard I. Sharon, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. **Guilty Plea.** Defendant agrees to plead guilty to Count Twenty-Seven of the Superseding Indictment pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count Twenty-Seven of the Superseding Indictment charges Defendant with money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). The United States agrees to move to dismiss Counts Twenty-Eight and Twenty-Nine of the Superseding Indictment as to Defendant at time of sentencing on Count Twenty-Seven.

2. **Sentencing/Penalties.** Defendant agrees to be sentenced on the charge described above. Defendant understands that the penalties that are applicable to Count Twenty-Seven of the Superseding Indictment are as follows:

    A. A term of probation of not less than one year and not more than five years;

    B. A maximum fine of $500,000; and

      C.     A mandatory special assessment of $400.00 for each count of conviction which Defendant agrees to pay at or before the time that it enters a guilty plea.

3. **Agreements Regarding Sentencing.** The parties agree to make the following non-binding recommendation as to sentencing:

      A.     The parties agree to recommend that the Court find that Defendant has accepted responsibility for the offense of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level pursuant to U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between its execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit its conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C1.1; (d) falsely denies or frivolously contests relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that it may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that it receive a reduction in Offense Level for acceptance of responsibility.

The parties expressly agree and understand that should the Court the reject the recommendation of the parties, Defendant will not thereby be permitted to withdraw its plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4.    **Appeal Waivers.** Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

      A.     Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

      B.     The imposition of a fine that does not exceed $10,000.

Defendant's waiver of its right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

    5.    Consequences of Breach. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

    6.    Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights it might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such

a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7.  Forfeiture. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States including, but not limited to, a money judgment in the amount of $65,000, which represents the forfeitable proceeds traceable to Defendant's purchase of 57 Fair Street, Lewiston, Maine.

8.  Corporate Resolution. Defendant agrees to execute a valid corporate resolution on or before the date of entry of this plea agreement before the Court that authorizes Timmy Bellmore to enter into this agreement on behalf of Defendant.

9.  Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter its guilty plea or is allowed to withdraw its guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies its full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 9/26/19

TMB Auto, LLC, Defendant
By Timmy Bellmore, Authorized Representative

I am legal counsel for TMB Auto, LLC. I have carefully reviewed every part of this Agreement with TMB Auto, LLC. To my knowledge, TMB Auto, LLC,'s decision to enter into this Agreement is an informed and voluntary one.

Date: 9/26/19

Leonard I. Sharon, Esquire
Attorney for Defendant

FOR THE UNITED STATES:

Halsey B. Frank
United States Attorney

Date: 9/3/19

David B. Joyce
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney